IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WILLIAMS MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-03003-G-BT |
| | § | |
| STEVEN D. GRIMBERG, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

More than a year after the Court transferred this *pro se* case to the Northern District of Georgia, Plaintiff John Williams Miller filed a "Demand for New Case with New Bivens Summons for Complaint Against [Defendant] Grimberg." Demand (ECF No. 6). For the reasons stated, the District Court should construe Miller's "Demand" as a motion under Federal Rule of Civil Procedure 60(b) and DENY relief. The Court should also warn Miller that future filings with disparaging, abusive, threatening, or contemptuous language will result in the imposition of sanctions.

**I.   Rule 60(b) Motion**

On December 7, 2021, the Court transferred this case to the Atlanta Division of the Northern District of Georgia because venue was improper in the Northern District of Texas. Transfer Order 1-2 (ECF No. 5). The Northern District of Georgia

1

dismissed the case on July 14, 2022, on grounds of judicial immunity.[1] *Miller v. Grimberg*, 2022 WL 3036017, at *2 (N.D. Ga. July 14, 2022). The Eleventh Circuit Court of Appeals dismissed Miller's appeal for want of prosecution. *Miller v. Grimberg*, 2022 WL 18434349, at *1 (11th Cir. Oct. 5, 2022). Then, on December 27, 2022, Miller filed his Demand, in which he complains the December 7, 2021 Transfer Order was improper. Demand 1.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b) . . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (internal citations omitted). Because Miller filed his Demand more than 28 days after the Court's December 7, 2021 Transfer Order, the Court should construe the Demand as a motion for relief under Rule 60(b).[2]

Rule 60(b) provides:

---

[1] Defendant is the Honorable Steven D. Grimberg, United States District Judge for the Northern District of Georgia.

[2] Miller attempts to invoke Rule 58(d). *See* Demand 3. However, Rule 58(d)—which provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)"—is inapposite. This Rule does not entitle a party to judgment in their favor. Furthermore, the Court did not enter final judgment in this case.

2

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted). "The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court." *Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2020 WL 1862559, at *2 (N.D. Tex. Apr. 14, 2020) (Fitzwater, J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam)).

In his Demand, Miller states that the transfer was "ABSOLUTELY TOTALLY RANDOMLY SELECTED BY RACIST/CORRUPT [magistrate judge]" and that he "has NOT [and] does NOT consent" to the transfer. Demand 3. Miller gives no legal support for his position that his consent is required other than a law review article, but even that article cuts against his arguments. *See* Scott Dodson, *Plaintiff Personal Jurisdiction and Venue Transfer*, 117 Mich. L. Rev. 1463, 1480 (2019)

3

("If the plaintiff files a case in federal court in a state either lacking serious connection to the lawsuit or otherwise under circumstances in which a transfer under § 1404(a) or even § 1406(a) is obvious, then the invocation of federal court under these circumstances could be construed as consent to the expected transferee court's personal jurisdiction."); *see also Noetic Specialty Ins. Co. v. N. Carolina Mut. Wholesale Drug Co.*, 453 F. Supp. 3d 842, 844 n.2 (E.D. Va. Mar. 24, 2020).

The Demand fails to demonstrate that Miller satisfies any of the requirements for relief under Rule 60(b). Therefore, the District Court should DENY Miller's Demand for New Case (ECF No. 6).

## II. Sanctions

The Court possesses the inherent authority to protect the efficient and orderly administration of justice and to command respect for the court's orders, judgments, procedures, and authority. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is the power to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant—like Miller here—has a history of submitting multiple frivolous and indignant claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court can impose monetary sanctions or pre-filing bars on vexatious litigants. *See Reed v.*

*Fairway Townhomes Hous. LP*, 2022 WL 1631816, at *3 (N.D. Tex. Apr. 29, 2022) (Rutherford, J.), *adopted by* 2022 WL 1624803 (N.D. Tex. May 23, 2022).

Miller's Demand is replete with disparaging, abusive, and contemptuous language. For example, he rails about "CRIMINAL FELON(IES) COMMITTED BY [the magistrate judge]" and disparages the Court as "extremely simple minded, lazy, stupid racist and incompeten[t]." Demand 1. He insults the Defendant, a District Judge in the Southern District of Georgia, by calling him "the Incompetent Moron," and a "super evil racist murderer and corrupt." Demand 3. He uses inflammatory and inappropriate language, referring to the Defendant as "this f&$k$$g a@^h*&e Judge" and declaring "Plaintiff is PISSED!!!" Demand 4. And he directly threatens the Court: "your career will end by [Plaintiff's] hand and you will spend years in Federal Prison!!!" Demand 2.

Indeed, this is not the first time Miller has engaged in such irresponsible and inappropriate behavior. *See, e.g.*, Complaint at 6, 8, *Miller v. Grimberg*, No. 21-02751 (N.D. Tex. Nov. 5, 2021), ECF No. 3; Objection at 3, *Miller v. Grimberg*, No. 21-02751 (N.D. Tex. Nov. 12, 2021), ECF No. 6; Complaint at 5-10, *Miller v. Rosenbaum*, No. 21-02852 (N.D. Tex. Nov. 15, 2021), ECF No. 3; Objection at 2-3, *Miller v. Rosenbaum*, No. 21-02852 (N.D. Tex. Dec. 1, 2021), ECF No. 6; Complaint at 7-13, *Miller v. Meacham*, No. 22-01538 (N.D. Tex. July 15, 2022), ECF No. 3; Suggestion at 1-6, *Miller v. Meacham*, No. 22-01538 (N.D. Tex. July 27, 2022), ECF No. 12; Motion at 1-4, *Miller v. Meacham*, No. 22-01538 (N.D. Tex. Aug. 10, 2022), ECF No. 21; Complaint at 2-5, *Miller v. U.S. Gov't*, No. 22-02694

(N.D. Tex. Dec. 2, 2022), ECF No. 1; Response at 2-5, *Miller v. U.S. Gov't*, No. 22-02694 (N.D. Tex. Dec. 9, 2022), ECF No. 10; Motion at 2-3, *Miller v. U.S. Gov't*, No. 22-02694 (N.D. Tex. Jan. 4, 2023), ECF No. 17; Motion at 1-2, *Miller v. Grimberg*, No. 21-04649 (N.D. Ga. Nov. 18, 2021), ECF No. 7. Accordingly, the Court should find Miller is a vexatious litigant and warn him that, if he continues to submit filings that contain threats and/or abusive, disparaging, or contemptuous language, the Court will impose monetary sanctions and may impose limits on his access to the courts.

**SO RECOMMENDED.**

March 30, 2023.

                                                  REBECCA RUTHERFORD
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).